Dear Mr. Bonvillain:
You requested an Attorney General's opinion regarding the authority of an Assessor and a parish governing authority to employ private counsel on a contingency fee basis. You indicate that your office, along with the assessors in thirty-three other Parishes have been directed to reassess the property of several interstate natural gas pipeline companies for tax years 1994-2003. Based upon preliminary indications it appears that reassessment will result in the collection of more than One Million ($1,000,000.00) Dollars in additional monies owed to Terrebonne Parish. You have been advised that the pipeline companies intend to challenge any value that is greater than the Tax Commission's prior fair market valuations. You feel that many assessors face the prospect of having to waive the right to seek collection of lawfully owed additional taxes due to lack of sufficient budgetary resources to retain counsel to defend their valuations.
You question whether an assessor and a parish governing authority may hire private counsel to represent an assessor in a proceeding instituted by a taxpayer pursuant to La. R.S. 47:1989
or 47:1998 on a contingency fee basis if the fee is payable solely from the additional taxes received pursuant to a judgment. This arrangement will cost the assessor nothing unless the assessor is successful, and as you point out, the "additional taxes" represent unappropriated revenues which the parish governing authority will not receive absent entry of a favorable government.
As you indicated, La. R.S. 47:1998.1 authorizes assessors to hire private counsel and provides as follows:
 The Louisiana Tax Commission and any assessor who is a party to such proceedings instituted pursuant to this Subtitle are authorized to employ private counsel to assist in the collection of any taxes, penalties, or interest due under this Subtitle, and to represent them in any proceeding instituted by a taxpayer pursuant to this Subtitle. *Page 2 
Pursuant to this statute, assessors may employ private counsel to represent them in proceedings instituted by taxpayers pursuant to La. R.S. 47:1989 or 47:1998.
Generally, the District Attorney is the regular counsel for the parish governing authority.[1] However, parish governing authorities may hire special counsel where a "real necessity" exists provided they follow the procedures set forth under La. R.S. 42:263, which provides in relevant part:
 A. No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
If a "real necessity" exists, and if the above procedure is followed, parish governing authorities may hire special counsel. Whether they can employ special counsel to represent a separate elected official is another question. As you are aware, ArticleVII, Section 14 of the Louisiana Constitution of 1974 prohibits the donation of public funds. Article VII, Section 14 provides, in pertinent part, the following:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
In the situation you describe, the parish governing authority has a direct financial interest in defending the reassessments. Therefore, it is our opinion that parish governing authorities may employ special counsel to represent assessors under the specific factual situation described above without violating Article VII, Section 14.
We next address the question of whether assessors or parish governing authorities may hire counsel on a contingency fee basis. Our office is not aware of, nor did our research reveal, any provision of law which would specifically prohibit an assessor or parish governing authority from employing attorneys on a reasonable contingency fee basis.[2] *Page 3 
Indeed, this office has previously opined that attorneys may be hired on a reasonable contingency fee basis. Attorney General Opinion Nos. 04-0357 and 95-265. You should also be advised that it is generally the policy of this office to approve only hourly fees for special counsel services, except in those instances in which a reasonable contingency fee is indicated, such as collection matters, or in which a particular statute provides for an alternate form of payment (Attorney General's Opinion No. 92-757). Therefore, it is the opinion of our office that assessors and parish governing authorities may hire private counsel to represent assessors in proceedings instituted by a taxpayer pursuant to La. R.S. 47:1989 or 47:1998 on a reasonable contingency fee basis. Note that while assessors may hire attorneys on a contingency fee basis, they may not obligate or encumber funds to which they are not legally entitled. Only the entities or officials to whom the additional revenues are to be paid may obligate or encumber such funds.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ____________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General
[1] See La. R.S. 42:261.
[2] In Meredith v. Ieyoub, 96-1110 (La. 9/9/97), 700 So.2d 478, the Louisiana Supreme Court held that, absent Constitutional or statutory authorization, contingency fee contracts between the Attorney General and private attorneys to represent the state in enforcing the state's environmental laws were illegal and violated state law. However, Meredith appears to apply only to state executive branch agencies, and not to local political subdivision or local elected officials.